NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMILIO GERVACIO-MELO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-2107

Agency No.
A216-625-597

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2025[**]
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER, District
Judge.[***]

Emilio Gervacio-Melo ("Gervacio-Melo") petitions for review of a Board of

Immigration Appeals ("BIA") decision affirming the denial of his application for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

cancellation of removal. The only question before us is whether Gervacio-Melo fulfilled his burden under 8 U.S.C. § 1229b(b)(1)(D) to demonstrate "exceptional and extremely unusual hardship" to a qualifying relative. We review for substantial evidence BIA hardship determinations. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025). "Where, as here, the BIA agrees with the [Immigration Judge's ("IJ"s)] decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

The record does not support Gervacio-Melo's argument that the BIA and IJ failed to consider evidence about his daughter's young age or the possibility that the child's mother may not care for her upon Gervacio-Melo's removal. The IJ noted Gervacio-Melo's daughter's age and analyzed circumstances related to her care and schooling before making its determination. Further, Gervacio-Melo points to no evidence to support his claim that the child's mother may "simply disappear." Speculative testimony cannot compel a conclusion that Gervacio-Melo satisfied the hardship requirement. *See Maini v. I.N.S.*, 212 F.3d 1167, 1173 (9th Cir. 2000) (noting that "personal conjecture and speculation . . . is no substitute for substantial evidence" (internal quotation marks omitted)).

25-2107

Moreover, the BIA and IJ were not obligated to specifically address Gervacio-Melo's country-conditions evidence or his community ties. As to the former, we recently explained that generalized country-conditions evidence "that applies equally to a large proportion of removal cases" cannot satisfy the "extraordinary and extremely unusual" hardship standard. *Gonzalez-Juarez*, 137 F.4th at 1007–08. As to the latter, the IJ properly considered Gervacio-Melo's community ties when it addressed whether granting cancellation of removal would be an appropriate exercise of discretion. But Gervacio-Melo does not explain how that evidence was relevant to the hardship determination, let alone "highly probative" or "potentially dispositive" of hardship. *See Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (quoting *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011)). The BIA and IJ thus were not required to consider evidence about community ties for that purpose.

**PETITION DENIED.**[1]

---

[1] The stay of removal will dissolve upon the issuance of the mandate.